UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Case No.: 3:17-cv-723-J-34JBT

WAUSAU UNDERWRITERS INSURANCE
COMPANY,

        Plaintiff,

vs.

ECONOSWEEP & MAINTENANCE
SERVICES, INC., COUNTRYSIDE POWER
SWEEPING, INC., SCOTTSDALE
INSURANCE COMPANY, and AMERICAN
EMPIRE SURPLUS LINES INSURANCE
COMPANY,

        Defendants.
_____/

## COMPLAINT

Plaintiff, Wausau Underwriters Insurance Company ("Wausau"), sues Defendants, Econosweep & Maintenance Services, Inc. ("Econosweep"), Countryside Power Sweeping, Inc. ("Countryside"), Scottsdale Insurance Company ("Scottsdale Insurance") and American Empire Surplus Lines Insurance Company ("American Empire Insurance"), and alleges:

### Nature of Plaintiff's Claims

1. This is a subrogation action by Wausau, which defended and indemnified its named insured under a liability insurance policy, Hull Storey Retail Group, LLC ("Hull Storey"), against a slip and fall personal injury lawsuit filed by Melissa Clodfelter. A $775,963.37 final judgment

was entered in favor of Ms. Clodfelter and against Hull Storey after a jury trial, and Wausau negotiated and paid $520,000 to Ms. Clodfelter to secure a satisfaction of the final judgment.

2. Wausau contends either Econosweep, Countryside, or both of them, should have defended and indemnified Hull Storey, the owner of the mall where Ms. Clodfelter fell, in accordance with an indemnity provision in a sweeping services contract for the mall, or else pursuant to the doctrine of common law indemnity. Wausau also contends that either Scottsdale Insurance, American Empire Insurance, or both of them, should have defended and indemnified Hull Storey as an additional insured under liability policies issued to Econosweep and Countryside, respectively.

## Parties

3. Wausau is an insurance company incorporated in Wisconsin, with its principal place of business in Massachusetts.

4. Econosweep is a corporation incorporated in Florida, with its principal place of business in Florida.

5. Countryside is a corporation incorporated in Florida, with its principal place of business in Florida.

6. Scottsdale Insurance is an insurance company incorporated in Ohio, with its principal place of business in Ohio.

7. American Empire Insurance is an insurance company incorporated in Delaware, with its principal place of business in Ohio.

## Jurisdiction and Venue

8. Wausau seeks damages excess of $75,000, including the $520,000 it paid to secure the satisfaction of the final judgment against Hull Storey and the fees and costs it incurred to defend

Hull Storey. Complete diversity of citizenship exists among the parties, and this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

9. Venue is proper in the Middle District of Florida, in accordance with 28 U.S.C. § 1391(b)(1), because all defendants are residents of Florida, and defendants Econosweep and Countryside, at a minimum, reside in this judicial district. Both Econosweep and Countryside are subject to this Court's personal jurisdiction in this judicial district with respect to this civil action. Scottsdale Insurance and American Empire Insurance are subject to personal jurisdiction in Florida at the time this action is commenced.

10. Venue also is proper in the Middle District of Florida, in accordance with 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred here. In particular, the defendants failed to defend or indemnify Hull Storey with respect to Ms. Clodfelter's lawsuit, which was pending in this judicial district. As a result, Wausau was required to pay to defend and indemnify Hull Storey in this judicial district, for which Wausau seeks a recovery from defendants.

**Factual Background**

The Sweeping Services Contract at the Lake City Mall

11. Hull Storey Gibson Companies, LLC was the Property Manager at the Lake City Mall (the "Mall") owned by Hull Storey.

12. On June 1, 2012, Hull Storey Gibson Companies, LLC entered into a Service Contract with Econosweep for Econsoweep to provide services, including sweeping parking lots, blowing off all sidewalks, and picking up trash at the Mall. A genuine copy of the Service Contract is attached as Exhibit 1.

13. The Services Contract has an indemnification provision that states:

Contractor shall indemnify, defend and hold Property Manager (and the owner of the Mall and their parents, directors, officers, managers, employees, shareholders, stakeholders and affiliates and their successors and assigns) harmless from and against any and all liability, demands, claims, suits, losses, damages, causes of action, fines or judgments, including all costs, attorney fees and court costs arising out of or in connection with Contractor's performance of (or failure to perform) the Services herein.

14. The Services Contract has an insurance provision that states:

Contractor shall provide a certificate of insurance to Property Manager with at least $1,000,000 of general liability coverage and $500,000 of worker's compensation coverage naming Property Manager and the owner of the Mall as additional insureds and any mortgagee of the mall as a mortgagee.

15. The Services Contract states that it "shall last for a term of one (1) year commencing on **June 1, 2012**" and that it "shall automatically renew with the same terms and conditions unless terminated by either party as provided above."

16. On or about April 2013, Countryside, along with an individual named Brian Carney, purchased 70% of the authorized, issued, and outstanding common stock of Econosweep. Thereafter, Countryside sent invoices for services performed in accordance with the Services Contract.

Liability Insurance Policies

17. Wausau issued a commercial general liability insurance policy, numbered TBJZ91459378023, to Hull Storey, with a policy period from June 1, 2013 to June 1, 2014 (the "Wausau Policy"). A genuine copy of the Wausau Policy is attached as Exhibit 2.

18. The Wausau Policy provides that "[i]f [Hull Storey] has rights to recover all or part of any payment [Wausau has] made under this Coverage Part, those rights are transferred to [Wausau]."

19. Scottsdale Insurance issued a commercial general liability insurance policy, numbered BCS0030015, to Econosweep, with a policy period from April 16, 2013 to January 5,

2014 (the "Scottsdale Policy"). Hull Storey was made an additional insured under the Scottsdale Policy when Econosweep agreed in writing that Hull Storey be added as an additional insured.

20. American Empire Insurance issued a commercial general liability insurance policy, numbered 13EP0177310, to Countryside, with a policy period from July 21, 2013 to July 21, 2014 (the "American Empire Policy"). Hull Storey was made an additional insured under the American Empire Policy when Countryside agreed in writing that Hull Storey be added as an additional insured.

### The Clodfelter Lawsuit

21. Melissa Clodfelter filed a slip and fall personal injury lawsuit against Hull Storey, Econosweep, and Countryside in Columbia County, Florida Circuit Court, Case No. 15-CA-34 ("Clodfelter Suit"). A copy of the Complaint in the Clodfelter Suit is attached as Exhibit 3.

22. Scottsdale Insurance initially defended Hull Storey in the Clodfelter Suit, but later withdrew its defense on or about December 2015. American Empire Insurance refused to defend Hull Storey at all in the Clodfelter Suit. Wausau defended Hull Storey in the Clodfelter Suit after Scottsdale withdrew its defense.

23. Econosweep and Countryside settled before trial the claims against them in the Clodfelter Suit, leaving the claims against Hull Storey unresolved.

24. On June 22, 2016, after a jury trial, the court in the Clodfelter Suit entered a final judgment in favor of Melissa Clodfelter and against Hull Storey in the amount of $775,963.37. A copy of the final judgment is attached as Exhibit 4.

25. Wausau later negotiated a settlement with Melissa Clodfelter in which she agreed to accept a payment of $520,000 in exchange for a satisfaction of the final judgment against Hull Storey. Wausau paid the $520,000 to secure the satisfaction of the final judgment.

Conditions Precedent

26. All conditions precedent have either occurred or been performed.

## COUNT I – BREACH OF CONTRACT AGAINST ECONOSWEEP

27. Wausau re-alleges and incorporates paragraphs 1 through 26 above, as if fully set forth herein.

28. Hull Storey's liability in the Clodfelter Suit arose out of, or in connection with, Econosweep's performance of, or failure to perform, the services in the Services Contract.

29. Econosweep breached the Services Contract by failing to defend and indemnify Hull Storey against the Clodfelter Suit.

30. As a direct and proximate result of Econosweep's breach of contract, Hull Storey incurred fees and costs to defend the Clodfelter Suit, and sums to secure the satisfaction of the final judgment against Hull Storey in the Clodfelter Suit, which were paid by Wausau.

**WHEREFORE**, Wausau demands judgment for damages against Econosweep, and any such other and further relief as this Court deems just and proper.

## COUNT II – BREACH OF CONTRACT AGAINST COUNTRYSIDE

31. Wausau re-alleges and incorporates paragraphs 1 through 26 above, as if fully set forth herein.

32. Before October 29, 2013, either Econosweep transferred its rights and obligations under the Services Contract to Countryside, or Hull Storey, Econosweep, and Countryside effectuated a novation of the Services Contract by agreeing to a new Services Contract containing all the same terms as the prior Services Contract, with the sole exception that Countryside would be the Contractor and would replace, and extinguish, Econosweep as the Contractor.

33. Hull Storey's liability in the Clodfelter Suit arose out of, or in connection with, Countryside's performance of, or failure to perform, the services in the Services Contract.

34. Countryside breached the Services Contract by failing to defend and indemnify Hull Storey against the Clodfelter Suit.

35. As a direct and proximate result of Countryside's breach of contract, Hull Storey incurred fees and costs to defend the Clodfelter Suit, and sums to secure the satisfaction of the final judgment against Hull Storey in the Clodfelter Suit, which were paid by Wausau.

**WHEREFORE,** Wausau demands judgment for damages against Countryside, and any such other and further relief as this Court deems just and proper.

## COUNT III – COMMON LAW INDEMNITY AGAINST COUNTRYSIDE

36. Wausau re-alleges and incorporates paragraphs 1 through 26 above, as if fully set forth herein.

37. Countryside had undertaken the obligation to perform the services under the Services Contract on the date of the slip and fall alleged in the Clodfelter Suit.

38. Hull Storey was without active negligence or fault for the claims made against Hull Storey in the Clodfelter Suit and for the final judgment entered against Hull Storey in the Clodfelter Suit.

39. Hull Storey was obligated to pay the final judgment in the Clodfelter Suit, because of Countryside's sole negligence or fault, for which Hull Storey was vicariously, constructively, derivatively, or technically liable.

40. As a direct and proximate result of Countryside's negligence or fault, Hull Storey incurred fees and costs to defend the Clodfelter Suit, and sums to secure the satisfaction of the final judgment against Hull Storey in the Clodfelter Suit, which were paid by Wausau.

**WHEREFORE,** Wausau demands judgment for damages against Countryside, and any such other and further relief as this Court deems just and proper.

### COUNT IV – BREACH OF CONTRACT AGAINST SCOTTSDALE INSURANCE

41. Wausau re-alleges and incorporates paragraphs 1 through 26 above, as if fully set forth herein.

42. The Wausau Policy is excess over the Scotttsdale Policy with respect to coverage for Hull Storey for the Clodfelter Suit, because Scottsdale Insurance's named insured, Econosweep, agreed to indemnify Wausau's named insured, Hull Storey, with respect to the type of claims at issue in Clodfelter Suit. There likely will be evidentiary support, after a reasonable opportunity for further investigation or discovery, for the fact that the Wausau Policy also is excess over the Scottsdale Policy with respect to coverage for Hull Storey by operation of the "other insurance" clauses in the policies.

43. Scottsdale Insurance breached the Scottsdale Policy by failing to defend and indemnify Hull Storey against the Clodfelter Suit.

44. As a direct and proximate result of Scottsdale Insurance's breach of contract, Hull Storey incurred fees and costs to defend the Clodfelter Suit, and sums to secure the satisfaction of the final judgment against Hull Storey in the Clodfelter Suit, which were paid by Wausau.

**WHEREFORE,** Wausau demands judgment for damages against Scottsdale Insurance, and any such other and further relief as this Court deems just and proper.

### COUNT V – BREACH OF CONTRACT AGAINST AMERICAN EMPIRE INSURANCE

45. Wausau re-alleges and incorporates paragraphs 1 through 26 and 32 above, as if fully set forth herein.

46. The Wausau Policy is excess over the American Empire Policy with respect to coverage for Hull Storey for the Clodfelter Suit, because American Empire Insurance's named insured, Countryside, agreed to indemnify Wausau's named insured, Hull Storey, with respect to the type of claims at issue in the Clodfelter Suit. There likely will be evidentiary support, after a reasonable opportunity for further investigation or discovery, for the fact that the Wausau Policy also is excess over the American Empire Policy with respect to coverage for Hull Storey by operation of the "other insurance" clauses in the policies.

47. American Empire Insurance breached the American Empire Policy by failing to defend and indemnify Hull Storey against the Clodfelter Suit.

48. As a direct and proximate result of American Empire Insurance's breach of contract, Hull Storey incurred fees and costs to defend the Clodfelter Suit, and sums to secure the satisfaction of the final judgment against Hull Storey in the Clodfelter Suit, which were paid by Wausau.

**WHEREFORE,** Wausau demands judgment for damages against American Empire Insurance, and any such other and further relief as this Court deems just and proper.

## Demand for Jury Trial

Wausau demands a trial by jury of all issues so triable.

Dated: June 21, 2017.

Respectfully submitted,

Jeffrey S. Lapin
Florida Bar No. 0993298
Jonathan R. Rosenn
Florida Bar No. 101346
Attorneys for Plaintiff Wausau Underwriters
Insurance Company
Lapin & Leichtling, LLP
255 Alhambra Circle
Suite 1250
Coral Gables, Florida 33134
Telephone: 305-569-4100
Fax: 305-569-0000
E-mail: JLapin@LL-lawfirm.com
E-mail: JRosenn@LL-Lawfirm.com