UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WAUSAU UNDERWRITERS
INSURANCE COMPANY,

    Plaintiff,

v.                                                    CASE NO. 3:17-cv-723-J-34JBT

ECONOSWEEP & MAINTENANCE
SERVICES, INC., et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Defendant American Empire Surplus Lines Insurance Company's ("American Empire") Motion to Dismiss Plaintiff's Complaint ("Motion") (Doc. 5) and Plaintiff's Response thereto (Doc. 13). The Motion was referred to the undersigned for a report and recommendation regarding an appropriate resolution. (Doc. 26.) For the reasons set forth herein, the undersigned respectfully **RECOMMENDS** that the Motion be **DENIED**.[2]

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

[2] This recommendation is based solely on the allegations of the Complaint, which the Court must accept as true. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Thus, it
(continued...)

**I.     Background**

On October 29, 2013, Melissa Clodfelter slipped and fell on a sidewalk at the Lake City Mall. (Doc. 1 at 1, 3, 5; Doc. 1-4.) She filed a personal injury action in state court against the owner of the mall, Hull Storey Retail Group, LLC ("Hull Storey"), and the companies allegedly responsible for cleaning the sidewalks, Econosweep & Maintenance Services, Inc. ("Econosweep") and Countryside Power Sweeping, Inc. ("Countryside") (the "State Action").[3] (*See id.*) Plaintiff defended and indemnified Hull Storey, its named insured, in the State Action under a commercial general liability insurance policy. (Doc. 1 at 1, 4.) Following a jury trial, judgment was entered against Hull Story in the amount of $775,963.37, and Plaintiff ultimately paid $520,000.00 in satisfaction of the judgment.[4] (*Id.* at 5; Doc. 1-5.)

Plaintiff now files this subrogation action against Econosweep, Countryside, and their respective insurers, Scottsdale Insurance Company ("Scottsdale") and American Empire. (Doc. 1.) Plaintiff alleges in substance that one or more of the Defendants should have defended and indemnified Hull Storey in the State Action. (*Id.* at 2.) Plaintiff alleges the following causes of action: Count I - Breach of

---

[2](...continued)
does not control future recommendations or rulings on motions where the Court may consider evidence.  *See* Fed. R. Civ. P. 56.

[3] *See Clodfelter v. Hull Storey Retail Group, LLC*, Case No. 15-CA-34, filed in the Circuit Court of the Third Judicial Circuit in and for Columbia County, Florida.

[4] Econosweep and Countryside settled the claims against them prior to trial. (Doc. 1 at 5.)

2

Contract against Econosweep; Count II - Breach of Contract against Countryside; Count III - Common Law Indemnity against Countryside; Count IV - Breach of Contract against Scottsdale; and Count V - Breach of Contract against American Empire.

**II.     Standard**

Under Rule 12(b)(6), the Court must determine whether the Complaint sets forth sufficient factual allegations to establish a claim upon which relief can be granted. In evaluating whether Plaintiff has stated a claim, the Court must determine whether the Complaint satisfies Rule 8(a)(2), which requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this standard, a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face. *Iqbal*, 556 U.S. at 679; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

Pertinent to the issue herein:

> Under Florida law, subrogation is a cause of action in equity which is designed to afford relief to one who is required to pay a legal obligation of another. Florida recognizes two types of subrogation: conventional subrogation and equitable or legal subrogation. Conventional subrogation arises or flows from a contract between the parties establishing an agreement that the party paying the debt will have the rights and remedies of the original creditor. . . .
>
> In practice, subrogation entails the substitution of one person in the place of another with reference to a lawful claim or right. In the insurance context, the insurer is put

3

in the position of the insured in order to pursue recovery
from third parties legally responsible to the insured for a
loss paid by the insurer.

*Zurich Am. Ins. Co. v. Southern-Owners Ins. Co.*, 248 F. Supp. 3d 1268, 1286 (M.D. Fla. 2017) (citations and quotations omitted).[5]

**III.    Analysis**

In Count V of the Complaint, Plaintiff alleges a claim for breach of contract against American Empire based on a commercial general liability insurance policy issued by American Empire to Countryside, under which Hull Storey was allegedly an additional insured.  (Doc. 1 at 4–5, 8–9.)  American Empire argues that Plaintiff has failed to state a claim against it because Plaintiff has not sufficiently alleged that Plaintiff was a party to, or a third-party beneficiary of, the subject contract, or that Plaintiff was assigned rights from the beneficiary of the subject contract.  (Doc. 5.) The undersigned recommends that this argument be rejected because Plaintiff's breach of contract claim against American Empire is based on its conventional subrogation rights arising from its policy with Hull Storey.

According to the Complaint, Plaintiff issued a commercial general liability insurance policy to Hull Storey with a policy period from June 1, 2013 to June 1, 2014.  (Doc. 1 at 4.)  That policy provided in part that "[i]f [Hull Storey] has rights to recover all or part of any payment [Wassau has] made under this Coverage Part,

---

[5] In this diversity case, Florida substantive law applies.  *See Horowitch v. Diamond Aircraft Indus., Inc.*, 645 F.3d 1254, 1257 (11th Cir. 2011) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)).

4

those rights are transferred to [Wassau]." (*Id.*)  American Empire issued a commercial general liability insurance policy to Countryside with a policy period from July 21, 2013 to July 21, 2014.  (*Id.* at 5.)  Hull Storey was made an additional insured under that policy.  (*Id.* at 5.)

On June 1, 2012, the mall's property manager, Hull Storey Gibson Companies, LLC, entered into an automatically renewing services contract with Econosweep for parking lot and sidewalk cleaning services.  (*Id.* at 3–4; Doc. 1-1.)  The contract generally provided in part that Econosweep would defend and indemnify Hull Storey against any claims arising out of Econosweep's performance, or non-performance, of the subject services.  (*Id.*)  In April 2013, "Countryside, along with an individual named Brian Carney, purchased 70% of the authorized, issued, and outstanding common stock of Econosweep.  Thereafter, Countryside sent invoices for services performed in accordance with the Services Contract." (*Id.* at 4.)  In Counts II and V against Countryside and American Empire, respsectively, Plaintiff also alleges:

> Before October 29, 2013, either Econosweep transferred its rights and obligations under the Services Contract to Countryside, or Hull Storey, Econosweep, and Countryside effectuated a novation of the Services Contract by agreeing to a new Services Contract containing the same terms as the prior Services Contract, with the sole exception that Countryside would be the Contractor and would replace, and extinguish, Econosweep as the Contractor.

(*Id.* at 6, 8.)

In Count V, Plaintiff alleges that its policy insuring Hull Storey is excess over the American Empire policy insuring Countryside because Countryside agreed to indemnify Hull Storey as set forth above, and because of the "other insurance" clauses in the policies. (*Id.* at 9.) Plaintiff alleges that American Empire breached its Countryside policy by failing to defend and indemnify Hull Storey in the State Action, and that Plaintiff and/or Hull Storey was damaged by the breach. (*Id.*)

American Empire argues that Plaintiff's claim against it fails because Plaintiff has not alleged that Plaintiff is a party to, or a third-party beneficiary of, the American Empire policy covering Countryside, or that Hull Storey assigned its rights under that policy to Plaintiff. (Doc. 5.) However, this argument ignores the fact that this is a subrogation action whereby "the insurer is put in the position of the insured in order to pursue recovery from third parties legally responsible to the insured for a loss paid by the insurer." *Zurich*, 248 F. Supp. 3d at 1286 (quotations and citation omitted). Although the Complaint clearly alleges that "[t]his is a subrogation action," American Empire fails to address the issue of subrogation at all in the Motion. (Doc. 1 at 1; Doc. 5.)

As set forth above, Plaintiff alleges that it insured Hull Storey, who was an additional insured under American Empire's policy covering Countryside. Additionally, by alleging that it received Hull Storey's rights to recover any payments made by it pursuant to its policy, Plaintiff has sufficiently alleged that it has conventional subrogation rights arising from its policy with Hull Storey. Thus,

6

Plaintiff may pursue Hull Storey's right, as an alleged additional insured under American Empire's policy with Countryside, to recover from American Empire for breach of contract.[6]

American Empire further argues that Plaintiff fails to allege sufficient facts to establish that Hull Storey is an alleged additional insured under the subject policy. (Doc. 5 at 6–7.) Plaintiff alleges that "Hull Storey was made an additional insured under the American Empire Policy [covering Countryside] when Countryside agreed in writing that Hull Storey be added as an additional insured." (Doc. 1 at 5.) The undersigned recommends that Plaintiff has sufficiently alleged that Hull Storey was an additional insured under the subject policy. Therefore, the undersigned recommends that Plaintiff has sufficiently stated a breach of contract claim against American Empire based on its conventional subrogation rights arising from its policy with Hull Storey.

### IV.   Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

The Motion (**Doc. 5**) be **DENIED**.

---

[6] In the Response, Plaintiff argues that the Complaint sufficiently alleges both conventional and equitable subrogation rights. (Doc. 13 at 1–2.) Because the undersigned recommends that Plaintiff has sufficiently alleged conventional subrogation rights, the Court need not address equitable subrogation at this time.

**DONE AND ENTERED** at Jacksonville, Florida, on November 30, 2017.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record