UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WAUSAU UNDERWRITERS
INSURANCE COMPANY,

    Plaintiff,

v.                                                          CASE NO. 3:17-cv-723-J-34JBT

ECONOSWEEP & MAINTENANCE
SERVICES, INC., et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Defendant Scottsdale Insurance Company's ("Scottsdale") Motion to Dismiss ("Motion") (Doc. 17) and Plaintiff's Response thereto (Doc. 19). The Motion was referred to the undersigned for a report and recommendation regarding an appropriate resolution. (Doc. 26.) For the reasons set forth herein, the undersigned respectfully **RECOMMENDS** that the Motion be **DENIED**.[2]

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

[2] This recommendation is based solely on the allegations of the Complaint, which
(continued...)

**I.     Background**

On October 29, 2013, Melissa Clodfelter slipped and fell on a sidewalk at the Lake City Mall.  (Doc. 1 at 1, 3, 5; Doc. 1-4.)  She filed a personal injury action in state court against the owner of the mall, Hull Storey Retail Group, LLC ("Hull Storey"), and the companies allegedly responsible for cleaning the sidewalks, Econosweep & Maintenance Services, Inc. ("Econosweep") and Countryside Power Sweeping, Inc. ("Countryside") (the "State Action").[3]  (*See id.*)  Plaintiff defended and indemnified Hull Storey, its named insured, in the State Action under a commercial general liability insurance policy.  (Doc. 1 at 1, 4.)  Following a jury trial, judgment was entered against Hull Story in the amount of $775,963.37, and Plaintiff ultimately paid $520,000.00 in satisfaction of the judgment.[4]  (*Id.* at 5; Doc. 1-5.)

Plaintiff now files this subrogation action against Econosweep, Countryside, and their respective insurers, Scottsdale and American Empire Surplus Lines Insurance Company ("American Empire").  (Doc. 1.)  Plaintiff alleges in substance that one or more of the Defendants should have defended and indemnified Hull Storey in the State Action.  (*Id.* at 2.)  Plaintiff alleges the following causes of action:

---

[2](...continued)
the Court must accept as true.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Thus, it does not control future recommendations or rulings on motions where the Court may consider evidence.  *See* Fed. R. Civ. P. 56.

[3] *See Clodfelter v. Hull Storey Retail Group, LLC*, Case No. 15-CA-34, filed in the Circuit Court of the Third Judicial Circuit in and for Columbia County, Florida.

[4] Econosweep and Countryside settled the claims against them prior to trial.  (Doc. 1 at 5.)

Count I - Breach of Contract against Econosweep; Count II - Breach of Contract against Countryside; Count III - Common Law Indemnity against Countryside; Count IV - Breach of Contract against Scottsdale; and Count V - Breach of Contract against American Empire.

**II.	Standard**

Under Rule 12(b)(6), the Court must determine whether the Complaint sets forth sufficient factual allegations to establish a claim upon which relief can be granted.  In evaluating whether Plaintiff has stated a claim, the Court must determine whether the Complaint satisfies Rule 8(a)(2), which requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To satisfy this standard, a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face. *Iqbal*, 556 U.S. at 679; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

Pertinent to the issue herein, "[t]he district court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint."  *Day v. Taylor*, 400 F.3d 1272, 1275–76 (11th Cir. 2005). However, "the court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed.  In this context, 'undisputed' means that the authenticity of the document is not challenged."  *Id.* at 1276.  "[F]or the documents to be considered central, it must be 'unquestionable' at

3

this stage that Plaintiff would have to offer these documents in order to prove its case." *Legacy Entm't Grp., LLC v. Endemol USA Inc.*, Case No. 3:15-cv-252-HES-PDB, 2015 WL 12838795, at *3 (M.D. Fla. Oct. 1, 2015). *See also Fin. Sec. Assurance, Inc., v. Stephens, Inc.*, 500 F.3d 1276, 1285 (11th Cir. 2007) ("According to that standard—whether the plaintiff would have had to offer the document in order to prove its case—the policy would appear to be central to FSA's claim, for FSA would ultimately have to offer a copy of the policy to prevail under any conceivable theory of its case.").

## III.  Analysis

In Count IV, Plaintiff alleges a claim for breach of contract against Scottsdale based on a commercial general liability insurance policy issued by Scottsdale to Econosweep, under which Hull Storey was allegedly an additional insured. (Doc. 1 at 4–5, 8.) Scottsdale argues that it cannot be liable for breach of the subject contract because Econosweep, which was taken over by Countryside, was no longer in existence at the time of Ms. Clodfelter's accident. (Doc. 17.) In support of this argument, Scottsdale relies on the deposition testimony of Brian Carney, President and owner of Countryside, taken during the State Action. (*See id.*) The deposition transcript, which is attached to the Motion, is not referenced in or attached to the Complaint. (Doc. 17-2.) The undersigned recommends that this deposition testimony cannot be considered when ruling on the instant motion to dismiss. Therefore, the undersigned recommends that Scottsdale's argument be rejected and

4

the Motion be denied.

According to the Complaint, Plaintiff issued a commercial general liability insurance policy to Hull Storey with a policy period from June 1, 2013 to June 1, 2014. (Doc. 1 at 4.) Scottsdale issued a commercial general liability insurance policy to Econosweep with a policy period from April 16, 2013 to January 5, 2014. (*Id.* at 4–5.) Hull Storey was made an additional insured under that policy. (*Id.* at 5.)

On June 1, 2012, the mall's property manager, Hull Storey Gibson Companies, LLC, entered into an automatically renewing services contract with Econosweep for parking lot and sidewalk cleaning services. (*Id.* at 3–4; Doc. 1-1.) The contract generally provided in part that Econosweep would defend and indemnify Hull Storey against any claims arising out of Econosweep's performance, or non-performance, of the subject services. (*Id.*) In April 2013, "Countryside, along with an individual named Brian Carney, purchased 70% of the authorized, issued, and outstanding common stock of Econosweep. Thereafter, Countryside sent invoices for services performed in accordance with the Services Contract."[5] (*Id.* at 4.)

In Count IV, Plaintiff alleges that its policy insuring Hull Storey is excess over

---

[5] In the breach of contract claims against Countryside and American Empire (Counts II and V, respectively), Plaintiff alleges in substance that there was either a transfer or novation of the services contract that required Countryside to perform under that contract. (Doc. 1 at 6–9.) However, this allegation is not incorporated into Count IV. (*See id.* at 8.)

the Scottsdale policy insuring Econosweep because Econosweep agreed to indemnify Hull Storey as set forth above, and because of the "other insurance" clauses in the policies. (*Id.* at 8.) Plaintiff alleges that Scottsdale breached its Econosweep policy by failing to defend and indemnify Hull Storey in the State Action, and that Plaintiff and/or Hull Storey was damaged by the breach. (*Id.*)

Scottsdale does not argue that Count IV is deficient as currently pled. Rather, Scottsdale requests that the Court go beyond the four corners of the Complaint and determine from the deposition testimony of Brian Carney that Plaintiff cannot succeed on its breach of contract claim against Scottsdale because Econosweep was not in existence at the time of Ms. Clodfelter's accident. Scottsdale argues that the Court may consider this testimony without converting the Motion to a motion for summary judgment because the testimony is "integral to Wausau's Complaint and claims made therein." (Doc. 17 at 4.) The undersigned recommends that this argument be rejected.

Scottsdale cites no authority for the proposition that deposition testimony regarding a factual issue, which is not attached to a complaint, may be considered on a motion to dismiss a breach of contract claim. The deposition transcript is not a document upon which Plaintiff's claims are based, but rather potential evidence regarding the merits of those claims. Moreover, because Plaintiff need not offer the deposition testimony to prove any claim in the Complaint, it is not central to Plaintiff's claims. *See Legacy Entm't Grp., LLC*, 2015 WL 12838795, at *3. Therefore, the

undersigned recommends that the testimony cannot be considered on a motion to dismiss. *See Day*, 400 F.3d at 1275–76. Because Scottsdale's argument is based solely on this deposition testimony, the undersigned recommends that the Motion be denied.

IV. **Conclusion**

Accordingly, it is respectfully **RECOMMENDED** that:

The Motion (**Doc. 17**) be **DENIED**.

**DONE AND ENTERED** at Jacksonville, Florida, on November 30, 2017.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record