UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WAUSAU UNDERWRITERS
INSURANCE COMPANY,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　CASE NO. 3:17-cv-723-J-34JBT

ECONOSWEEP & MAINTENANCE
SERVICES, INC., et al.,

    Defendants.
_____/

# REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Defendant Econosweep & Maintenance Services, Inc.'s ("Econosweep") Motion to Dismiss Plaintiff's Complaint ("Motion") (Doc. 25) and Plaintiff's Response thereto (Doc. 27). The Motion was referred to the undersigned for a report and recommendation regarding an appropriate resolution. (Doc. 26.) For the reasons set forth herein, the undersigned respectfully **RECOMMENDS** that the Motion be **DENIED**.[2]

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

[2] This recommendation is based solely on the allegations of the Complaint, which the Court must accept as true. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Thus, it
(continued...)

**I.     Background**

On October 29, 2013, Melissa Clodfelter slipped and fell on a sidewalk at the Lake City Mall.  (Doc. 1 at 1, 3, 5; Doc. 1-4.)  She filed a personal injury action in state court against the owner of the mall, Hull Storey Retail Group, LLC ("Hull Storey"), and the companies allegedly responsible for cleaning the sidewalks, Econosweep and Countryside Power Sweeping, Inc. ("Countryside") (the "State Action").[3]  (*See id.*)  Plaintiff defended and indemnified Hull Storey, its named insured, in the State Action under a commercial general liability insurance policy. (Doc. 1 at 1, 4.)  Following a jury trial, judgment was entered against Hull Story in the amount of $775,963.37, and Plaintiff ultimately paid $520,000.00 in satisfaction of the judgment.[4]  (*Id.* at 5; Doc. 1-5.)

Plaintiff now files this subrogation action against Econosweep, Countryside, and their respective insurers, Scottsdale Insurance Company ("Scottsdale") and American Empire Surplus Lines Insurance Company ("American Empire"). (Doc. 1.) Plaintiff alleges in substance that one or more of the Defendants should have defended and indemnified Hull Storey in the State Action. (*Id.* at 2.)  Plaintiff alleges

---

[2](...continued)
does not control future recommendations or rulings on motions where the Court may consider evidence.  *See* Fed. R. Civ. P. 56.

[3] *See Clodfelter v. Hull Storey Retail Group, LLC*, Case No. 15-CA-34, filed in the Circuit Court of the Third Judicial Circuit in and for Columbia County, Florida.

[4] Econosweep and Countryside settled the claims against them prior to trial.  (Doc. 1 at 5.)

the following causes of action: Count I - Breach of Contract against Econosweep; Count II - Breach of Contract against Countryside; Count III - Common Law Indemnity against Countryside; Count IV - Breach of Contract against Scottsdale; and Count V - Breach of Contract against American Empire.

## II. Standard

Under Rule 12(b)(6), the Court must determine whether the Complaint sets forth sufficient factual allegations to establish a claim upon which relief can be granted. In evaluating whether Plaintiff has stated a claim, the Court must determine whether the Complaint satisfies Rule 8(a)(2), which requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this standard, a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face. *Iqbal*, 556 U.S. at 679; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

Pertinent to the issue herein, Federal Rule of Civil Procedure 8(d)(3) states that "[a] party may state as many separate claims or defenses as it has, regardless of consistency." Additionally, Rule 8(d)(2) states in relevant part that "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones."

## III. Analysis

In Counts I and II of the Complaint, Plaintiff brings claims for breach of contract against Econosweep and Countryside, respectively. (Doc. 1 at 6–7.)

Econosweep argues that the allegations set forth in Count II, which are not incorporated into Count I, render Plaintiff's claim in Count I deficient. (Doc. 25.) The undersigned recommends that this argument be rejected. Rule 8(d)(3) plainly allows claims to be inconsistent.

Plaintiff alleges that on June 1, 2012, the mall's property manager, Hull Storey Gibson Companies, LLC, entered into an automatically renewing services contract with Econosweep for parking lot and sidewalk cleaning services. (Doc. 1 at 3–4; Doc. 1-1.) The contract generally provided in part that Econosweep would defend and indemnify Hull Storey against any claims arising out of Econosweep's performance, or non-performance, of the subject services. (*Id.*) Plaintiff alleges that in April 2013, "Countryside, along with an individual named Brian Carney, purchased 70% of the authorized, issued, and outstanding common stock of Econosweep. Thereafter, Countryside sent invoices for services performed in accordance with the Services Contract." (*Id.* at 4.) These allegations are incorporated into Counts I and II. (*Id.* at 6.)

In Count I, Plaintiff alleges that Hull Storey's liability in the State Action arose out of Econosweep's performance, or non-performance, under the services contract, that Econosweep breached that contract by failing to defend and indemnify Hull Storey in the State Action, and that Plaintiff and/or Hull Storey was damaged by the breach. (*Id.*) In Count II, Plaintiff first alleges:

> Before October 29, 2013, either Econosweep transferred

4

> its rights and obligations under the Services Contract to Countryside, or Hull Storey, Econosweep, and Countryside effectuated a novation of the Services Contract by agreeing to a new Services Contract containing the same terms as the prior Services Contract, with the sole exception that Countryside would be the Contractor and would replace, and extinguish, Econosweep as the Contractor.

(*Id.*) Plaintiff then alleges that Hull Storey's liability in the State Action arose out of Countryside's performance, or non-performance, under the services contract, that Countryside breached that contract by failing to defend and indemnify Hull Storey in the State Action, and that Plaintiff was damaged by the breach. (*Id.* at 7.) None of the specific allegations in Count II are incorporated into Count I. (*Id.* at 6–7.)

Econosweep argues that Plaintiff has failed to state a claim against it because the allegations regarding a transfer or novation of the services contract in Count II establish that "Econosweep was discharged from all its obligations [under the services contract] and replaced by Countryside." (Doc. 25 at 4.) However, these allegations are not incorporated into Count I. Moreover, "Rule 8(d) of the Federal Rules of Civil Procedure expressly permits the pleading of both alternative and inconsistent claims." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1273–74 (11th Cir. 2009) (stating that a "complaint is not subject to dismissal simply because it alleges that both Mazer, individually, and West–Hem committed the tortious conduct, even if it would be impossible for both to be simultaneously liable"); Fed. R. Civ. P. 8(d)(2) & (3).

5

Econosweep does not argue that the allegations in Count I, standing alone, are insufficient to state a claim. Rather, Econosweep's argument is based solely on the allegations set forth in Count II. However, the allegations in Count II do not affect the sufficiency of Plaintiff's claim in Count I because Plaintiff may plead alternative and/or inconsistent causes of action in accordance with Federal Rule of Civil Procedure 8(d). Therefore, the undersigned recommends that the Motion be denied.

**IV. Conclusion**

Accordingly, it is respectfully **RECOMMENDED** that:

The Motion (**Doc. 25**) be **DENIED**.

**DONE AND ENTERED** at Jacksonville, Florida, on November 30, 2017.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record

6