**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

WAUSAU UNDERWRITERS
INSURANCE COMPANY,

    Plaintiff,

v.                                               Case No. 3:17-cv-723-J-34JBT

ECONOSWEEP & MAINTENANCE
SERVICES, INC., et al.,

    Defendants.

## O R D E R

**THIS CAUSE** is before the Court on Magistrate Judge Joel B. Toomey's Report and Recommendation (Doc. 34; Report), entered on November 30, 2017. In the Report, Judge Toomey recommends that Defendant, Countryside Power Sweeping Inc.'s Motion to Dismiss Wausau Underwriters Insurance Company's Complaint (Doc. 8; Motion) be denied. See Report at 10. On December 14, 2017, Defendant Countryside Power Sweeping, Inc. (Countryside) filed an objection to the Report. See Defendant, Countryside Power Sweeping, Inc.'s Objections to the Magistrate Judge's November 30, 2017 Report and Recommendation [DE 34] (Doc. 37; Objection). Plaintiff Wausau Underwriters Insurance Company (Wausau) filed a response on December 27, 2017. See Plaintiff's Response and Memorandum of Legal Authority in Opposition to Defendant Countryside Power Sweeping, Inc.'s Objections to the Magistrate Judge's November 30, 2017 Report and Recommendation (Doc. 38; Response). Accordingly, this matter is ripe for review.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007).

Countryside objects to the Report on two grounds. See generally Objection. First, Countryside contends that Wausau's breach of contract claim (Count II of the Complaint (Doc. 1)) should be dismissed pursuant to Florida Statute section 725.01, commonly referred to as the "statute of frauds." Id. at 3-5. Second, Countryside contends that Wausau's claim for common law indemnity (Count III) should be dismissed because the complaint filed in the underlying state court litigation together with the final judgment entered in that action contradict Wausau's allegation that Hull Storey Gibson Companies, LLC (Hull Storey) was faultless in the underlying state action. Id. at 5-7; Complaint (Doc. 1-4; Underlying Complaint); Final Judgment (Doc. 1-5).

In the Response, Wausau contends that Countryside's objections are without merit. See generally Response. With respect to Countryside's first objection, Wausau notes that Countryside failed to raise the issue of the statute of frauds in the Motion, disputes that the statute of frauds governs a transfer of rights under the Services Contract, and argues that dismissal based on the statute of frauds would be inappropriate. Id. at 3-5.

Additionally, Wausau disputes that the Underlying Complaint and Final Judgment refute Wausau's allegation that Hull Storey lacked fault in the state action. Id. at 5-6.

Upon consideration of the record, the Court finds that the Objection is due to be overruled and that the Magistrate Judge's legal and factual conclusions are due to be accepted and adopted. First, the Court finds that Countryside's arguments regarding Wausau's breach of contract claim are not properly before the Court. As Wausau notes in the Response, Countryside did not present any arguments regarding the statute of frauds in the Motion. See Response at 3-4. A "district court has the discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009). Seeing no reason for Countryside's failure to present the issue to the Magistrate Judge, the Court declines to consider Countryside's new argument raised for the first time in the Objection. Thus, to the extent Countryside seeks to have Count II dismissed, the Objection is due to be overruled.

Turning to Countryside's second argument, the Court finds that to the extent Countryside seeks to have Wausau's claim for common law indemnity dismissed, the Objection similarly is due to be overruled. Notably, Countryside's contention that the Underlying Complaint and Final Judgment refute Wausau's allegations that Hull Storey was without fault are identical to Countryside's argument previously raised in the Motion. See Motion at 7. Preliminarily, the Court notes that:

> It is improper for an objecting party to . . . submit[ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.

Fox v. Colvin, No. 16-cv-61057-BLOOM/Balle, 2017 WL 1292390, at *2 (S.D. Fla. Feb. 28, 2017) (quotation omitted). More importantly, in the Report, the Magistrate Judge considered at length Wausau's arguments and concluded that the entry of the Final Judgment and the allegations in the Underlying Complaint were insufficient to refute Wausau's allegations in the Complaint that Hull Storey was without fault. See Report at 7-9. In the Objection, Countryside fails to provide any authority suggesting that the Magistrate Judge's finding is erroneous or that he has misidentified or misapplied the relevant authority. See Objection at 5-6. In arguing simply that a complaint should be dismissed where the exhibits plainly contradict the allegations, Countryside ignores the legal authority cited by the Magistrate Judge in finding no such contradiction in the Complaint before the Court here.

"Indemnity is a right which inures to one who discharges a duty owed by him, but which, as between himself and another, should have been discharged by the other and is allowable only where the [w]hole fault is in the one against whom indemnity is sought." Houdaille Indus., Inc. v. Edwards, 374 So. 2d 490, 492-93 (Fla. 1979) (citation omitted). In practice, indemnification "shifts the entire loss from one who, although without active negligence or fault, has been obligated to pay, because of some vicarious, constructive, derivative, or technical liability, to another who should bear the costs because it was the latter's wrongdoing for which the former is held liable." Id. at 493 (citation omitted). Accordingly:

> To state a claim for common law indemnity, a party must allege that he is without fault, that another party is at fault, and that a special relationship between the two parties makes the party seeking indemnification vicariously, constructively, derivatively, or technically liable for the acts or omissions of the other party.

Tsafatinos v. Family Dollar Stores of Fla., Inc., 116 So. 3d 576, 581 (Fla. 2d DCA 2013); see also Dade Cnty. Sch. Bd. v. Radio Station WQBA, 731 So. 2d 638, 641 (Fla. 1999) (internal citations omitted).

In the Underlying Complaint, Melissa Clodfelter asserted two claims against Hull Storey based on its negligent maintenance of the sidewalk (Count I) and negligent hiring and retention of an independent contractor to maintain the premises (Count II). See Underlying Complaint ¶¶10-23. Additionally, on June 22, 2016, the state court entered the Final Judgment against Hull Storey in the amount of $775,963.37. See Final Judgment. In the Objection, Countryside contends that "[t]he Final Judgment represents direct fault on Hull Storey because there is no allegation of vicarious, constructive, derivative or technical liability on Hull Storey in the Clodfelter [Underlying] Complaint." See Objection at 6.[1] However, Countryside fails to recognize that in the Underlying Complaint, Clodfelter alleged the possibility of Hull Storey's passive negligence by alleging that "Defendant Hull by and through its agents, servants or employees, negligently maintained the sidewalk that leads to the employee entrance of the building." See Underlying Complaint ¶13.

"[A] former adjudication against an indemnitee, finding the indemnitee's acts to be wrongful, is binding against the indemnitee and precludes indemnification." Diplomat Properties Ltd. Partnership v. Tecnoglass, LLC, 114 So. 3d 357, 363 (Fla. 4th DCA 2013). However, where no such finding has been conclusively made, indemnification is not precluded. In a case similar to the instant matter, Florida's Third District Court of Appeal determined that a jury's general verdict of negligence and the allegations in the complaint

---

[1] Countryside does not appear to object to the Magistrate Judge's finding that Wausau has pled the existence of a special relationship. See generally Objection.

did not show conclusively that the jury found the indemnitee, Babcock Industries, Inc. (Babcock), at fault so as to preclude Babcock from seeking indemnification from the defendants. See Allstate Ins. Co. v. A.D.H., Inc., 397 So. 2d 928, 931 (Fla. 3d DCA 1981). The court explained:

> These documents are totally inadequate to show what was litigated and decided in the first action. It may be that a complete record of the first trial will not aid in resolving the issue of whether the jury found Babcock with fault or faultless. If the jury were instructed that it could only find Babcock liable if guilty of 'active negligence,' then the jury verdict means it found Babcock to be at fault, and Babcock would be collaterally estopped on its claim for indemnity. If the jury were instructed that it could only find Babcock liable if it found [one of the defendants] negligent, then the jury verdict means that it found Babcock without fault, and Babcock would be entitled to be indemnified. If the jury was given both instructions, then its finding of negligence remains equivocal.

Id. at 930 n.5; see also Am. Home Assurance Co. v. City of Opa Locka, 368 So. 2d 416, 419 (Fla. 3d DCA 1979) (affirming judgment in favor of an indemnitee, despite the allegations of active fault asserted against it, based on the trial court's "implied finding" of passive fault). Accordingly, a general verdict of negligence does not necessarily preclude a party from pursuing indemnification. Moreover, Florida courts have recognized that a business owner charged with the non-delegable duty to maintain the premises may seek indemnification from an independent contractor which it hired to perform that duty. See Daniel v. Morris, 181 So. 3d 1195, 1198 (Fla. 5th DCA 2015) (acknowledging that one who is held liable for breaching a non-delegable duty may seek indemnification from the active tort-feasor responsible for the breach); Armiger v. Associated Outdoor Clubs, Inc., 48 So.3d 864, 875 n. 8 (Fla. 2d DCA 2010) (same); Mortgage Guarantee Ins. Corp. v. Stewart, 427 So. 2d 776, 779 (Fla. 3d DCA 1983) (same). Upon review of the Objection and the applicable authority, the Court finds no error in Judge Toomey's analysis. As such, the

Court finds that to the extent that Countryside seeks the dismissal of Count III of the Complaint, the Objection is due to be overruled.

Upon independent review of the file and for the reasons stated here and in the Report, the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge. Accordingly, it is hereby

**ORDERED:**

1. Defendant, Countryside Power Sweeping, Inc.'s, Objections to the Magistrate Judge's November 30, 2017 Report and Recommendation [DE 34] (Doc. 37) are **OVERRULED**.

2. The Report and Recommendation (Doc. 34) of Magistrate Judge Toomey is **ADOPTED** as the opinion of the Court.

3. Defendant Countryside Power Sweeping, Inc.'s Motion to Dismiss Wausau Underwriters Insurance Company's Complaint (Doc. 8) is **DENIED**.

4. Defendant Countryside Power Sweeping, Inc. shall respond to the Complaint in accordance with the requirements of Rule 12 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Jacksonville, Florida this 12th day of January, 2018.

MARCIA MORALES HOWARD
United States District Judge

Lc25

Copies to:
Counsel of Record

The Honorable Joel B. Toomey
United States Magistrate Judge